IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00555-FDW
(3:14-cr-00046-FDW-1)

| | |
|---|---|
| REGINALD BERNARD LANDRUM, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se motion to vacate, set aside or correct sentence, which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 motion to vacate will be dismissed.

I. BACKGROUND

On March 12, 2014, Petitioner was charged in a Bill of Information with one count of Aiding in the Preparation of a False Tax Return, in violation of 26 U.S.C. § 7206(2). In particular, the Bill of Information alleged that from 2006 to 2010, Petitioner worked as a tax return preparer for Precise Accounting and Bookkeeping, and Assurance Tax Group, and that during this time period he prepared at least 58 tax returns that falsely reported a material matter which included: false items regarding Schedule C income and expenses, false Schedule A deductions, false wages, false dependents, and other false items that served to increase the amount of tax refunds that were returned to the taxpayer. In all, it was alleged that the 58 tax returns yielded $229,691 in fraudulent returns. (3:14-

1

cr-00046, Doc. No. 1: Bill of Information).

Petitioner entered into a written plea agreement with the Government and agreed to waive the issuance of an indictment and plead guilty to the one count in the Bill of Information pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. (Id., Doc. No. 2: Plea Agreement). Prior to his plea hearing, Petitioner filed a "Factual Basis" in which he admitted to certain conduct which led to his prosecution. (Id., Doc. No. 3: Factual Basis).

On March 13, 2014, Petitioner appeared with counsel before U.S. Magistrate Judge David Kessler for his Plea and Rule 11 hearing and he was placed under oath. Petitioner admitted that he had reviewed the Bill of Information with his attorney and that he had discussed how the Guidelines applied to his case and that he understood that he could receive a sentence that was either higher or lower than his Guidelines range. The Government then summarized the charges and the potential penalties were explained to Petitioner and he admitted to the court that he understood the charges and the possible penalties and averred that he was in fact guilty of the conduct charged in the Bill of Information.

Next, the Government recounted the terms of the plea agreement which provided, in pertinent part, that Petitioner agreed that the amount of loss that was known or reasonably foreseeable to him in the fraudulent scheme was more than $200,000 but less than $400,000, and that he qualified for a base offense level of 18 and that a two-level enhancement applied because Petitioner was involved in the preparation of the false tax returns. (Id., Doc. No. 2: Plea Agreement). Petitioner also acknowledged that he agreed

to make full restitution to his victims that were directly or indirectly harmed by his relevant, criminal conduct and that an unanticipated order of restitution would not serve to invalidate his guilty plea. (Id. ¶ 7(a)). Petitioner averred that he understood and agreed with each of the terms of his plea agreement and that no one had promised him any particular sentence or coerced or threatened him in order to secure his guilty plea. Petitioner also confirmed that he had read the Factual Basis that was filed in his case and that he understood and agreed with its terms and that he was satisfied with the services of his attorney. Petitioner then reviewed the Acceptance of Plea form and verified that the magistrate judge had accurately recorded his answers and he signed the plea form and Petitioner's plea was accepted after the court found that it was knowing and voluntary. (Id., Doc. No. 6: Acceptance and Entry of Guilty Plea).

In Petitioner's Presentence Report ("PSR"), the probation officer included the complete Factual Basis that was filed prior to his plea hearing in which Petitioner admitted to the following:

1. *From in or about 2006 through the date of this Indictment, REGINALD BERNARD LANDRUM (LANDRUM) was a resident of Charlotte, North Carolina. For tax years 2006 to 2009, LANDRUM worked as a tax return preparer at Precise Accounting and Bookkeeping (Precise). For tax year 2010, LANDRUM worked as a tax return preparer at Assurance Tax Group. For tax years 2006 through 2010, LANDRUM prepared more than 600 Individual Income Tax Returns, Forms 1040, and Amended Individual Income Tax Returns, Forms 1040A for clients. These tax returns were filed electronically with the Internal Revenue Service. For tax years 2006 through 2010, the Internal Revenue Service- Criminal Investigation has identified 58 tax returns LANDRUM prepared that were false as to a material matter in that they included false items including false Schedule C income and expenses, false Schedule A deductions, false wages, false dependents, and other false items that resulted in the clients receiving large tax refunds to which the clients were not actually entitled.*

3

> 2. *LANDRUM's typical method of operation was to meet with a tax client and obtain all the necessary, and factually correct, information to prepare a 1040 tax return. While preparing the tax return out of the presence of the client, LANDRUM would falsify figures to obtain a larger refund than the client was legitimately entitled. LANDRUM had a system for falsifying the returns, and usually overstated the amount the client gave to charity, the amount of unreimbursed job expenses the client incurred, the amount of Schedule C business losses, and/or the amount the amount of education credits the client deserved for payment of higher education expenses.*
>
> 3. *The total tax loss associated with the 58 fraudulent tax returns in question was approximately $229,691.*
>
> 4. Regarding paragraph 6, the Factual Basis notes, *Mr. Landrum reserves the right to object to the statement that he falsified figures "out of the presence of the client."* Additionally, in paragraph 6, the Factual Basis notes, *Mr. Landrum reserves the right to object to the statement that he had a "system for falsifying the returns."*

(3:14-cr-00046, Doc. No. 15: PSR).

The probation officer calculated a base offense level of 18 because the amount of tax loss was more than $200,000 but less $400,000 pursuant to § 2T1.4 of U.S. Sentencing Guidelines Manual (USSG), and applied the two-level enhancement under § USSG § 2T4.1(b)(4) because Petitioner was in the business of preparing or assisting in the preparation of false tax returns. After adjusting for acceptance of responsibility, Petitioner's total offense level was 17 and with a criminal history category III, Petitioner's Guidelines range was 30-37 months' imprisonment. However, because the statutory maximum term of imprisonment was three years, Petitioner's Guideline range was lowered to 30 to 36 months. See USSG § 5G1.1(c)(1) (2014).

On May 13, 2015, Petitioner appeared for his sentencing hearing and at the outset, the Court addressed Petitioner and reviewed the Rule 11 proceedings. Petitioner acknowledged that he was under oath during the hearing and he admitted that all of the

questions which were recorded on the Acceptance and Entry of Plea form were true, and that if those same questions were posed by the Court during sentencing that he would answer each of those questions the same way. Lastly, Petitioner admitted that he was in fact guilty of aiding in the preparation of false tax returns. After concluding this colloquy, the Court found that Petitioner understood the charges and potential penalties and that the plea was knowing and voluntary and the guilty plea was reaffirmed. Petitioner was sentenced to a term of 36-months' imprisonment and he did not appeal. (Id., Doc. 19: Judgment).

In this § 2255 proceeding, Petitioner challenges the knowing and voluntary nature of his plea by claiming actual innocence, raises claims of ineffective assistance of counsel, and he challenges the plea agreement. Petitioner's contentions will be examined herein.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

A.    Guilty plea

Petitioner entered his guilty plea before U.S. Magistrate Judge David Kessler on April 9, 2014. As previously observed, Petitioner was placed under oath and the elements of the charge of willfully aiding, assisting, and advising in the preparation and presentation of false tax returns to the IRS were explained to him, and he swore that he understood the elements of the charge, and swore that he was in fact guilty of the charged conduct. Petitioner appeared before this Court during his sentencing hearing and affirmed that the answers that he provided during the Rule 11 hearing were true; that the Acceptance and Entry of Plea form accurately reflected his answers; that he would provide the same answers during sentencing as he did during the Rule 11 hearing; and he reaffirmed that he was in fact guilty of the charged conduct.

A petitioner is bound by his sworn statements that he makes during a properly conducted Rule 11 hearing and as this Court found during sentencing, and reaffirms herein, Petitioner's Rule 11 hearing was properly conducted therefore his present challenge must fail. See, e.g., Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

The Court notes that during allocution Petitioner attempted to disavow his criminal conduct and pleaded that he never knew he was preparing false tax returns. The

Government expressed dismay at this sudden claim of innocence and moved to strike Petitioner's two-point reduction for acceptance of responsibility. The Court denied the motion and found that Petitioner should be entitled to the two-point reduction because he pleaded guilty and reaffirmed his guilt during sentencing, and he had not moved to withdraw his guilty plea. However, the Court did find that these late, protestations of innocence demonstrated disrespect for the law.

In sum, as this Court found during sentencing, and reaffirms herein, Petitioner's plea was knowing and voluntary and his challenge to his guilty plea will be denied.

      B.      Ineffective assistance of counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." <u>Id.</u> at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." <u>Carpenter v. United States</u>, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. <u>Id.</u>

      To demonstrate prejudice in the context of a guilty plea, a Petitioner must

demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

Petitioner contends that his counsel was ineffective in negotiating and in counseling him with regarding to his plea agreement. The two-part Strickland v. Washington test applies to ineffective assistance of counsel claims arising out of the plea-bargaining process. See Missouri v. Frye, 132 S. Ct. 1399 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012); Hill v. Lockhart, 474 U.S. 52, 58 (1985).

Petitioner offers nothing more than conclusory statements that his counsel was ineffective. For example, Petitioner claims that counsel was "entirely non-existent as to the plea's creation, any benefit to the petitioner, and to the law itself." (3:15-cv-00555, Doc. No. 1: Petition at 15). This contention clearly lacks merit because Petitioner, while

8

under oath during his Rule 11 hearing, acknowledged that he understood and agreed with each of the terms of his plea agreement, and that he was entirely satisfied with the services of his attorney. This argument is belied by the record and will be denied.

   C.  Plea agreement

Petitioner contends that the waiver provisions in his plea agreement are unfair, in particular, his waiver of his right to appeal and his right to raise a claim of ineffective assistance of counsel in a § 2255 motion.

First, the Fourth Circuit has repeatedly observed that the waiver of the right to appeal in a plea agreement will be upheld so long as it is knowing and voluntary. See, e.g., United States v. Cohen, 459 F.3d 490, 493-95 (4th Cir. 2006), cert. denied, 549 U.S. 1182 (2007); United States v. Johnson, 410 F.3d 137, 151-153 (4th Cir. 2005). As noted, Petitioner's plea was knowing and voluntary.

Second, Petitioner did not waive his right to bring claims of assistance of counsel as his plea agreement expressly reserved his right to do so. Moreover, Petitioner has raised claims of ineffective assistance of counsel in his § 2255 motion albeit they are without merit.

Finally, while complaining about the onerous burden of waivers in a plea agreement, Petitioner raises vague contentions that the Government breached the plea agreement because there was not an "EXCHANGE OF CONSIDERATION." (Petition at 20) (emphasis in original). For instance, Petitioner states that he did not receive "any consideration" in exchange for entering into his plea agreement. (Id. at 19) (emphasis in original). This is not true, because, just for example, Petitioner received a three-level

9

reduction for acceptance of responsibility by entering into the plea agreement although he nearly squandered that benefit during sentencing.

IV.     CONCLUSION

For the reasons discussed herein, the Court finds that Petitioner's § 2255 motion is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DENIED** and **DISMISSED with prejudice**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: December 14, 2015

Frank D. Whitney
Chief United States District Judge